IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| 1.  **Trilogy Software, Inc.; and** | § | |
| 2.  **Trilogy Development Group, Inc.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 2-04CV-160 (TJW)** |
| | § | |
| 1.  **Selectica, Inc.,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendant.** | § | |

# <u>PLAINTIFFS' MOTIONS IN LIMINE</u>

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......................................................................................................iv

I.      INTRODUCTION ...................................................................................................1

II.     ARGUMENT .........................................................................................................2

Motion *in Limine* No. 1:  Selectica Should Be Precluded From
        Offering Evidence, Testimony, Attorney Argument, Or
        Other Comments Regarding Trilogy's Operations in India
        and China ..............................................................................................2

Motion *in Limine* No. 2:  Selectica Should Be Precluded From
        Offering Evidence, Testimony, Attorney Argument, Or
        Other Comments Regarding Trilogy's Past Attempts to
        Acquire Selectica; its Ownership of a Small Percentage of
        Selectica Stock; or any Actions by Trilogy in connection
        with Selectica's proposed merger with i-Many. ....................................3

Motion *in Limine* No. 3:  Selectica should be precluded, pursuant
        to Fed. R. Evid. 402 and 403, from soliciting or offering
        testimony, evidence, or argument concerning Trilogy's
        acquisition, attempts to acquire, or consideration of
        acquiring other companies or competitors.............................................5

Motion *in Limine* No. 4:  Selectica Should Be Precluded From
        Offering Evidence, Testimony, Attorney Argument, Or
        Other Comments Regarding Alleged Gambling By Trilogy
        Officers And Employees........................................................................6

Motion *in Limine* No. 5:  Selectica Should Be Precluded From
        Offering Evidence, Testimony, Attorney Argument, Or
        Other Comments Regarding Alleged Alcohol Use By
        Trilogy Officers And Employees............................................................6

Motion *in Limine* No. 6:  Selectica Should Be Precluded From
        Offering Evidence, Testimony, Attorney Argument, Or
        Other Comments Regarding Trilogy's Business Strategy
        Regarding Calico (particularly "killing Calico" or the "kill
        Calico team") and Other Alleged "Anti-Competitive"
        Activity. ................................................................................................7

Motion *in Limine* No. 7:  Selectica Should Be Precluded From
        Soliciting Testimony Or Offering Commentary Designed
        To Result In Trilogy's Invoking a Claim Of Attorney-

Client Privilege Or Work Product Doctrine; or Referring to
Trilogy's Privilege Log or Prior Claims of Privilege. ............................................9

Motion *in Limine* No. 8:  Statements before the jury regarding the
possible issuance of an injunction should be excluded...........................................9

Motion *in Limine* No. 9:  Experts should be precluded from
discussing the law or applicable legal standards in front of
the jury. .............................................................................................................10

Motion *in Limine* No. 10:  Selectica Should Be Precluded,
Pursuant to Fed. R. Evid. 402 and 403, From Soliciting or
offering Testimony, Evidence, or Argument Concerning the
Filing, Contents, and Rulings of any Motions *in Limine*......................................11

Motion *in Limine* No. 11:  Selectica Should Be Precluded,
Pursuant to Fed. R. Evid. 402 and 403, From Soliciting or
offering Testimony, Evidence, or Argument Concerning
Other Litigation Involving Trilogy and/or its officers,
directors, or employees. .......................................................................................11

Motion *in Limine* No. 12:  Selectica should be precluded, pursuant
to Fed. R. Evid. 402 and 403, from soliciting or offering
testimony, evidence, or argument concerning layoffs by
Trilogy or downsizing of its workforce. ..............................................................12

Motion *in Limine* No. 13:  Selectica should be precluded, pursuant
to Fed. R. Evid. 402 and 403, from soliciting or offering
testimony, evidence, or argument concerning allegations
that Trilogy keeps "two sets of books."................................................................12

Motion *in Limine* No. 14:  Selectica should be precluded, pursuant
to Fed. R. Evid. 402 and 403, from soliciting or offering
testimony, evidence, or argument concerning the net worth,
compensation, or stock holdings of Trilogy's CEO, Joe
Liemandt. .............................................................................................................12

Motion *in Limine* No. 15:  Selectica should be precluded, pursuant
to Fed. R. Evid. 402 and 403, from soliciting or offering
testimony, evidence, or argument concerning alleged
practical jokes or April fool's jokes at Trilogy.....................................................13

Motion *in Limine* No. 16:  Selectica should be precluded, pursuant
to Fed. R. Evid. 402 and 403, from soliciting or offering
testimony, evidence, or argument concerning certain
prejudicial marketing activities and perquisites for Trilogy
employees—particularly car giveaways and Trilogy's
ownership of a boat used for employee recreation. ..............................................13

Motion *in Limine* No. 17:  Selectica should be precluded from
        soliciting or offering testimony, evidence, or argument in
        support of its invalidity contentions other than the items
        disclosed in writing to Trilogy at least 30 days before trial,
        pursuant to 35 U.S.C. § 282...................................................................................13

# <u>TABLE OF AUTHORITIES</u>

## CASES

*Alexander v. CIT Tech. Fin. Servs., Inc.*,
   271 F. Supp. 2d 867 (N.D. Ill. 2002) ..............................................................7

*Askanase v. Fatjo*,
   130 F.3d 657 (5th Cir. 1997) ...................................................................10, 11

*Crow v. United Benefit Life Ins. Co.*,
   2001 WL. 285231 (N.D. Tex. 2001)...........................................................10, 11

*Donelly Corp. v. Gentex Corp.*,
   918 F. Supp. 1126 (W.D. Mich. 1996) .............................................................3

*Gearhart v. Uniden Corp. of Am.*,
   781 F.2d 147 (8th Cir. 1986) .........................................................................3

*Hong v. St. Louis*,
   698 F. Supp. 180 (E.D. Mo. 1988).................................................................3

*Jarrow v. Cupit*,
   2000 WL. 1537989 (E.D. La. 2000) .........................................................10, 11

*Jinro Am. Inc. v. Secure Invs., Inc.*,
   266 F.3d 993 (9th Cir. 2001) .........................................................................3

*Jones v. Bd. of Trustees of Cmty. Coll. Dist. No. 508*,
   75 F. Supp. 2d 885 (N.D. Ill. 1999) ...............................................................6

*Sowell v. United States.*,
   198 F.3d 169 (5th Cir. 1999) .......................................................................11

*Staab v. Uniroyal Tire Co.*,
   1994 U.S. Dist. LEXIS 6882 (W.D. Mo. 1994)................................................9

*Zippertubing Co. v. Teleflex, Inc.*,
   757 F.2d 1401 (3d Cir. 1985)..............................................................3, 4, 8

## STATUTES

35 U.S.C. § 282.........................................................................................13

Fed. R. Civ. P. 403....................................................................................11

Fed. R. Evid. 401 ................................................................................................2, 4, 6, 8

Fed. R. Evid. 402 .............................................................................................. passim

Fed. R. Evid. 403 .............................................................................................. passim

Fed. R. Evid. 408 .......................................................................................................5

# I.  INTRODUCTION

Plaintiffs Trilogy Software, Inc. and Trilogy Development Group, Inc. ("Trilogy") hereby move this Court for an order *in limine* instructing counsel for defendant Selectica, Inc. ("Selectica") and all witnesses called by or on behalf of Selectica, to refrain from making any mention before the jury or prospective jurors, in any manner whatsoever, of any of the matters described below.

The matters addressed herein are inadmissible for any purpose given this proper and timely objection by Trilogy.  Permitting interrogation of witnesses, comments to jurors or prospective jurors, or offers of evidence concerning these matters would unfairly prejudice the jury, and sustaining objections to such questions, comments, or offers would not cure such prejudice, but rather reinforce the prejudicial impact of such matters on the jurors.

A proposed order is attached.

## II.  ARGUMENT

**<u>Motion *in Limine* No. 1</u>:   Selectica Should Be Precluded From Offering Evidence, Testimony, Attorney Argument, Or Other Comments Regarding Trilogy's Operations in India and China**

Given the questions posed by counsel for Selectica at the deposition of Trilogy's Chief Executive Officer, Joe Liemandt, Trilogy anticipates that Selectica plans to introduce evidence of or otherwise refer to Trilogy's operations in India and China.  Selectica's only motivation for introducing such evidence would be to suggest that Trilogy is "anti-American" because it has shifted much of its employee base from Austin, Texas to Asia, thereby creating juror bias against Trilogy and distracting the jurors from the true issues in this case.  This Court should not permit Selectica to engage in such tactics; Trilogy's decision to shift a significant portion of its employee base to Asia has absolutely no relevance to this litigation.

Rule 402 of the Federal Rules of Evidence expressly mandates that "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402.  Evidence is only relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  Here, the fact that Trilogy operates in Asia in no way makes it more or less likely that the patents at issue are invalid or subject to infringement.  Accordingly, evidence of Trilogy's operations in Asia cannot be admitted at trial and all related references must be excluded as irrelevant.

Even if Trilogy's operations in India and China were somehow found to be loosely related to this case (which they are not), evidence of and comments on those operations still would be subject to exclusion.  Relevant evidence still "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  Fed. R. Evid. 403.  Here, Selectica's use of evidence or commentary relating to

Trilogy's decision to shift much of its employee base to Asia would improperly create juror bias against Trilogy.  *See Donelly Corp. v. Gentex Corp.*, 918 F. Supp. 1126, 1136 (W.D. Mich. 1996) ("[R]eferences to "un-American products" or to products not "Made in America" and similar types of references (which are unduly prejudicial under Rule 403) will be excluded at trial."); *Hong v. St. Louis*, 698 F. Supp. 180, 182 (E.D. Mo. 1988) (granting new trial because repeated references to plaintiff's involvement in China "prejudicially appealed to the xenophobic tendencies of the jury."); *see also Jinro Am. Inc. v. Secure Invs., Inc.,* 266 F.3d 993, 1006-09 (9th Cir. 2001) ("Even if Pelham's testimony might have been admissible as expert testimony, it was so tinged with ethnic bias and stereotyping that it should have been excluded under Rule 403's balancing test.");  *Gearhart v. Uniden Corp. of Am.*, 781 F.2d 147 (8th Cir. 1986) (refusing to permit remarks relating to Far Eastern parent on retrial in part because of xenophobia).  Further, it would improperly divert the jury's attention from the central issues in this case.  *See, e.g. Zippertubing Co. v. Teleflex, Inc.*, 757 F.2d 1401, 1415 (3d Cir. 1985) (holding that the trial court properly exercised its discretion under Rule 403 when it excluded evidence that would have required the jury to "engage in speculation about a matter too far afield from the elements of the plaintiffs' case.").

Although references to Trilogy's operations in India and China would be objectionable at trial, Selectica's counsel could not cure the confusion and prejudice created by those references after the fact.  Selectica should therefore be precluded from introducing evidence, testimony, or argument that relates, either directly or indirectly, to Trilogy's business in India or China in the presence of the jury or prospective jurors.

**Motion *in Limine* No. 2:   Selectica Should Be Precluded From Offering Evidence, Testimony, Attorney Argument, Or Other Comments Regarding Trilogy's Past Attempts to Acquire Selectica; its Ownership of a Small**

**Percentage of Selectica Stock; or any Actions by Trilogy in connection with Selectica's proposed merger with i-Many.**

Trilogy anticipates that Selectica plans to make reference at trial both to Trilogy's past attempts to acquire Selectica, and to the fact that Trilogy's has acquired and still owns shares of Selectica.  Selectica has also indicated through its deposition questioning that it may attempt to introduce evidence in an attempt to show alleged interference by Trilogy in Selectica's failed attempt to merge with a company called i-Many.  Selectica's motivation for referencing these acquisition attempts and stock acquisitions would be to improperly suggest that Trilogy filed this lawsuit solely to achieve a competitive advantage in an improper way.  Simply put, Selectica would be suggesting that Trilogy filed this lawsuit not to stop alleged patent infringement, but to force Selectica to sell out to Trilogy.  Not only is that suggestion untrue, it is also irrelevant, highly prejudicial, and apt to cause substantial juror confusion.

Evidence that Trilogy previously has expressed interest in acquiring Selectica or purchased shares in Selectica is irrelevant, and therefore inadmissible, because it in no way makes it more or less probable that the patents at issue are invalid or subject to infringement. *See* Fed. R. Evid. 401, 402.  And even if such evidence was in some way connected to the issues in this case, it nevertheless would be inadmissible pursuant to Rule 403.  *See* Fed. R. Evid. 403 (mandating that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."). By creating a "side show" regarding Trilogy and Selectica's prior acquisition talks, Selectica would distract the jurors from Trilogy's infringement claims and confuse them with respect to the relevant issues.  *See, e.g. Zippertubing*, 757 F.2d at 1415 (holding that the trial court properly exercised its discretion under Rule 403 when it excluded evidence that would have required the

jury to "engage in speculation about a matter too far afield from the elements of the plaintiffs' case."). As a result, Trilogy would suffer substantial prejudice.

Moreover, Trilogy's most recent attempts to acquire Selectica took place while this lawsuit was pending and in the context of confidential merger talks and settlement negotiations between the parties. Trilogy and Selectica agreed in writing that all nonpublic information exchanged by during those negotiations would remain confidential. *See* 4/20/05 Letter Agreement (attached as Ex. A); 8/23/04 Mutual Nondisclosure Agreement (attached as Ex. B). On account of the parties' written agreements, and because the Federal Rules of Evidence expressly bar the admission of any evidence relating to settlement offers or conduct or statements made in the settlement negotiations, evidence of Trilogy's post-lawsuit acquisition attempts must be excluded. *See* Fed. R. Evid. 408.

Although evidence, testimony, and argument relating to Trilogy's past attempts to acquire Selectica would be objectionable at trial, Selectica's counsel would be unable to cure the resulting confusion and prejudice after the fact. Selectica should therefore be precluded from introducing evidence, testimony, or argument that relates, either directly or indirectly, to Trilogy's past attempts to acquire Selectica in the presence of the jury or prospective jurors.

**Motion *in Limine* No. 3: Selectica should be precluded, pursuant to Fed. R. Evid. 402 and 403, from soliciting or offering testimony, evidence, or argument concerning Trilogy's acquisition, attempts to acquire, or consideration of acquiring other companies or competitors.**

This Court should also preclude Selectica from making any reference in front of the jury to regarding Trilogy's acquisition, attempts to acquire, or consideration of acquiring other companies or competitors. Such evidence is irrelevant to the issues in this case and would be unduly prejudicial to Trilogy and distracting to the jury.

**Motion *in Limine* No. 4**:  **Selectica Should Be Precluded From Offering Evidence, Testimony, Attorney Argument, Or Other Comments Regarding Alleged Gambling By Trilogy Officers And Employees**

Given the deposition questions that Selectica's counsel posed to Trilogy's Joe Liemandt, Trilogy believes that Selectica plans to introduce evidence or otherwise refer to gambling by Trilogy officers and employees.  Evidence of alleged gambling by Trilogy officers and employees is irrelevant because it lacks any tendency to make it more or less probable that any of the patents-in-suit are invalid or subject to infringement.  *See* Fed. R. Evid. 401, 402.  And even if such evidence were relevant (which it is not), its probative value would be substantially outweighed by the considerable danger of unfair prejudice to Trilogy and confusion of the issues that would result from its admission.  *See* Fed. R. Evid. 403; s*ee also, e.g. Jones v. Bd. of Trustees of Cmty. Coll. Dist. No. 508*, 75 F. Supp. 2d 885, 888 (N.D. Ill. 1999) (noting that evidence of plaintiff's gambling constituted "highly prejudicial evidence" and excluding its admission).  Indeed, Selectica's sole motivation for introducing evidence, testimony, or commentary relating to gambling would be to bias the jurors against Trilogy and to distract the jury from the subject matter of this litigation.  This Court should not permit Selectica to employ such tactics.

Although evidence and comments about gambling would be objectionable at trial, Selectica's counsel could not cure the resulting confusion and prejudice after the fact.  Accordingly, this Court should exclude all evidence, testimony, or argument regarding gambling as irrelevant, improper character evidence, and unduly prejudicial to Trilogy.

**Motion *in Limine* No. 5**:  **Selectica Should Be Precluded From Offering Evidence, Testimony, Attorney Argument, Or Other Comments Regarding Alleged Alcohol Use By Trilogy Officers And Employees**

Selectica's counsel posed certain deposition questions to Trilogy's Joe Liemandt that indicate Selectica's plan to introduce evidence at trial relating to alcohol use by Trilogy officers

and employees during company "happy hours" and other gatherings.  Evidence of alleged alcohol use by Trilogy employees is irrelevant because such evidence does not make it more or less probable that the patents at issue are invalid or subject to infringement.  *See* Fed. R. Evid. 402.  It also constitutes improper character evidence and would create considerable danger of jury prejudice.  *See Alexander v. CIT Tech. Fin. Servs., Inc*., 271 F. Supp. 2d 867, 882 (N.D. Ill. 2002) (excluding evidence of plaintiffs' alcohol use on grounds that such evidence was irrelevant, improper character evidence, and likely to cause juror prejudice).

Even if evidence of alcohol use at Trilogy were relevant, its probative value would be substantially outweighed by the danger of unfair prejudice to Trilogy and confusion of the issues.  *See* Fed. R. Evid. 403.  Selectica's introduction of evidence, testimony, or comments relating to alcohol use would improperly and unfairly suggest that Trilogy's corporate culture is immoral and irresponsible.  This Court should not permit Selectica to engage in such gamesmanship.

Although evidence and comments about alcohol use would be objectionable at trial, Selectica's counsel could not cure the resulting confusion and prejudice after the fact. Selectica should therefore be precluded from introducing evidence, testimony, or argument that relates, either directly or indirectly, to alcohol use by Trilogy officers or employees in the presence of the jury or prospective jurors.

> **Motion *in Limine* No. 6**:   **Selectica Should Be Precluded From Offering Evidence, Testimony, Attorney Argument, Or Other Comments Regarding Trilogy's Business Strategy Regarding Calico (particularly "killing Calico" or the "kill Calico team") and Other Alleged "Anti-Competitive" Activity.**

Trilogy anticipates that Selectica plans to make reference at trial to Trilogy's strategy for competing with Calico, a rival software company, particularly referring to Trilogy "killing Calico" and/or forming a "kill Calico" team.  Selectica's sole motivation for referencing Calico would be to suggest that Trilogy employs improper means of competition.  Putting aside the fact

that such a suggestion would be untrue, any reference to Trilogy's competitive strategy regarding Calico would be irrelevant, highly prejudicial, and apt to cause substantial juror confusion.

Evidence of Trilogy's plans for competing with Calico (a company unrelated to either Trilogy or Selectica) is irrelevant, and therefore inadmissible, because it in no way makes it more or less probable that the patents at issue (none of which belong to Calico) are invalid or subject to infringement.  *See* Fed. R. Evid. 401, 402.  And even if such evidence was in some way connected to the issues in this case, it nevertheless would be inadmissible pursuant to Rule 403. *See* Fed. R. Evid. 403 (mandating that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.").  Any references to Calico would distract the jurors from the dispute at hand and confuse them with respect to the relevant issues.  *See, e.g. Zippertubing*, 757 F.2d at 1415 (holding that the trial court properly exercised its discretion under Rule 403 when it excluded evidence that would have required the jury to "engage in speculation about a matter too far afield from the elements of the plaintiffs' case.").  For example, jurors may become confused as to the connection between Calico and the parties or mistakenly believe that Calico is associated with Selectica.  As a result of such confusion, Trilogy would suffer substantial prejudice.

Similarly, other evidence directed at showing that Trilogy somehow engages in unfair or anti-competitive behavior is also irrelevant and unduly prejudicial.  This evidence has no probative value for the issues in this case, and allowing Selectica to reference it would then force Trilogy and the Court to expend time and effort addressing the merits of unplead disputes that have nothing to do with the issues at hand.

Although this evidence, testimony, and argument would be objectionable at trial, Selectica's counsel would be unable to cure the resulting confusion and prejudice after the fact. Selectica should therefore be precluded from introducing or referencing, directly or indirectly, this evidence in the presence of the jury or prospective jurors.

**Motion *in Limine* No. 7**:  **Selectica Should Be Precluded From Soliciting Testimony Or Offering Commentary Designed To Result In Trilogy's Invoking a Claim Of Attorney-Client Privilege Or Work Product Doctrine; or Referring to Trilogy's Privilege Log or Prior Claims of Privilege.**

During depositions in this case, Selectica posed questions to certain Trilogy witnesses that delved into privileged subject-matter, requiring those witnesses to assert the attorney-client privilege.  Also, Selectica recently added Lance Jones, Trilogy's general counsel, to its "may call" list of witnesses.  Such an exercise, while perhaps allowable during discovery, should be avoided in front of a jury, as forcing Trilogy's witnesses to assert a privilege in front of jurors could be misleading and hence prejudicial to Trilogy.  Accordingly, this Court should preclude Selectica, pursuant to Fed. R. Evid. 403, from soliciting testimony designed to result in Trilogy's witnesses invoking a claim of the attorney-client privilege or the work product doctrine.  *See, e.g., Staab v. Uniroyal Tire Co.*, 1994 U.S. Dist. LEXIS 6882 at *8 (W.D. Mo. 1994) (granting motion *in limine* prohibiting defendant "from asking about any matter protected by plaintiffs' attorney/client privilege").

**Motion *in Limine* No. 8**:  **Statements before the jury regarding the possible issuance of an injunction should be excluded.**

Trilogy anticipates that Selectica may attempt to mention to the jury that a permanent injunction may issue if the jury finds that Trilogy's products infringe Selectica's patents-in-suit. The determination of whether an injunction should issues lies with the discretion of the trial court and occurs only after the jury has reached its verdict on liability.  Comments before the jury relating to the possible injunction are irrelevant to the jury's liability deliberations and

inadmissible.   Moreover, even if minimally relevant to an ancillary issue in this case, such information also should be excluded because it would unduly prejudice Trilogy and confuse the jury by clouding the liability issues.

Such commentary is also excludable pursuant to Rule 403, which prohibits the presentation of evidence that would unduly prejudice a party, confuse the issues, or mislead the jury.  *See* Fed. R. Evid. 403.  Because comments regarding the possible issuance of an injunction are much more prejudicial than probative, in addition to being irrelevant to any issues to be determined by the jury, they should be excluded.

**Motion _in Limine_ No. 9:  Experts should be precluded from discussing the law or applicable legal standards in front of the jury.**

Trilogy anticipates that Selectica's experts may attempt to discuss the law and legal standards applicable to both infringement and validity issues in the presence of the jury.  Because the duty of instructing the jury as to legal issues is left exclusively to the trial court judge, Selectica's experts should be precluded from testifying as to the law or applicable legal standards.

Although experts are free to opine on ultimate issues, only the trial judge is assigned the role of instructing the jury on the applicable law.  *Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997); *Crow v. United Benefit Life Ins. Co.*, 2001 WL 285231, *2 (N.D. Tex. 2001); *Jarrow v. Cupit,* 2000 WL 1537989, *1-2 (E.D. La. 2000).  Because there is only one applicable legal rule for each issue, there should be, and there is, a single spokesman for the law -- the trial judge.  *Askanase*, 130 F.3d at 673; *Jarrow*, 2000 WL 1537989 at *1-2.  Allowing a witness to testify as to the law would interfere with this Court's role of instructing the jury on the law and could cause juror confusion.  *Id*.

Were experts permitted to testify as to legal questions, each party would retain an expert to state the law in a light most favorable to its position, resulting in jury confusion.  *See Sowell v. United States.*, 198 F.3d 169, 172 (5th Cir. 1999); *Askanase*, 130 F.3d at 673.  For these reasons, even qualified legal experts are not permitted to testify on applicable legal standards.  *See Crow*, 2001 WL 285231 at *2; *Jarrow*, 2000 WL 1537989 at *1-2.  Accordingly, this Court should preclude all experts in this case from discussing the law and applicable legal standards in front of the jury.

**Motion *in Limine* No. 10**:  **Selectica Should Be Precluded, Pursuant to Fed. R. Evid. 402 and 403, From Soliciting or offering Testimony, Evidence, or Argument Concerning the Filing, Contents, and Rulings of any Motions *in Limine*.**

This Court should preclude Selectica from making any reference in front of the jury to the effect that Trilogy filed any motion *in limine*, or to the contents of such motions, or this Court's rulings thereon.  Such information is not only irrelevant to any issues to be tried, but would be unduly prejudicial and as such should be excluded pursuant to Fed. R. Civ. P. 403.

**Motion *in Limine* No. 11**:  **Selectica Should Be Precluded, Pursuant to Fed. R. Evid. 402 and 403, From Soliciting or offering Testimony, Evidence, or Argument Concerning Other Litigation Involving Trilogy and/or its officers, directors, or employees.**

This Court should preclude Selectica from making any reference in front of the jury to other lawsuits or litigation in which Trilogy has been involved.  Evidence of other litigation is irrelevant to the issues in this case and would be unduly prejudicial to Trilogy, requiring it to, in effect, try several disputes in the trial of this action.  Such evidence would also be distracting to the jury and wasteful of trial time.

**Motion *in Limine* No. 12:  Selectica should be precluded, pursuant to Fed. R. Evid. 402 and 403, from soliciting or offering testimony, evidence, or argument concerning layoffs by Trilogy or downsizing of its workforce.**

This Court should preclude Selectica from making any reference in front of the jury to layoffs at Trilogy or Trilogy's downsizing of its workforce.  Such evidence is irrelevant to the issues in this case and would be unduly prejudicial to Trilogy.  Indeed corporate layoffs can be a "hot button" issue to many jurors, and thus this testimony has a high probability of prejudice, in additional to minimal, if any, relevance.

**Motion *in Limine* No. 13:  Selectica should be precluded, pursuant to Fed. R. Evid. 402 and 403, from soliciting or offering testimony, evidence, or argument concerning allegations that Trilogy keeps "two sets of books."**

This Court should preclude Selectica from making any reference in front of the jury to an allegation that Trilogy keeps "two sets of books" for tax purposes.  Selectica questioned Trilogy's CEO, Joe Liemandt, about this during his deposition.  Such evidence is irrelevant to the issues in this case and would be unduly prejudicial to Trilogy.

**Motion *in Limine* No. 14:  Selectica should be precluded, pursuant to Fed. R. Evid. 402 and 403, from soliciting or offering testimony, evidence, or argument concerning the net worth, compensation, or stock holdings of Trilogy's CEO, Joe Liemandt.**

This Court should preclude Selectica from making any reference in front of the jury to the net worth, compensation, or stock holdings of Trilogy's CEO, Joe Liemandt.  Selectica's counsel spent considerable time during Mr. Liemandt's deposition questioning him about these topics.  However, this evidence is irrelevant to the issues in this case and would be unduly prejudicial to Trilogy.  Furthermore, this is sensitive, personal information of Mr. Liemandt that should not be publicly disclosed absent a compelling reason to do so.  There is no such reason here.

**Motion *in Limine* No. 15:  Selectica should be precluded, pursuant to Fed. R. Evid. 402 and 403, from soliciting or offering testimony, evidence, or argument concerning alleged practical jokes or April fool's jokes at Trilogy.**

This Court should preclude Selectica from making any reference in front of the jury to alleged practical jokes or April fool's jokes at Trilogy.  Selectica questioned Mr. Liemandt about this subject during his deposition, but again this evidence is irrelevant to the issues in this case and would be unduly prejudicial to Trilogy.

**Motion *in Limine* No. 16:  Selectica should be precluded, pursuant to Fed. R. Evid. 402 and 403, from soliciting or offering testimony, evidence, or argument concerning certain prejudicial marketing activities and perquisites for Trilogy employees—particularly car giveaways and Trilogy's ownership of a boat used for employee recreation.**

This Court should preclude Selectica from making any reference in front of the jury to this evidence.  Such evidence is irrelevant to the issues in this case and would be unduly prejudicial to Trilogy.  Once again, Selectica questioned Mr. Liemandt about these matters during his deposition.  And once again these issues have no relevance, and the only conceivable reason for Selectica to introduce them would be to suggest to the jury that Trilogy "wasted money" on these activities and therefore, somehow, should not be entitled to recover for Selectica's patent infringement.

**Motion *in Limine* No. 17:  Selectica should be precluded from soliciting or offering testimony, evidence, or argument in support of its invalidity contentions other than the items disclosed in writing to Trilogy at least 30 days before trial, pursuant to 35 U.S.C. § 282.**

Selectica should be precluded from soliciting or offering testimony, evidence, or argument concerning any evidence of invalidity not disclosed in writing to Trilogy at least 30 days before trial, pursuant to 35 U.S.C. § 282.

DATED:  December 30, 2005.                    Respectfully submitted,


  /s/  Sam Baxter
Sam Baxter
Lead Attorney
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
McKool Smith P.C.
505 E. Travis, Ste. 105
P.O. Box O
Marshall, TX 75670
Telephone:  (903) 927-2111
Facsimile:  (903) 927-2622

Mike McKool, Jr.
Texas State Bar No. 13732100
mmckool@mckoolsmith.com
McKool Smith, P.C.
300 Crescent Ct., Ste. 1200
Dallas, TX 75201
Telephone:  (214) 978-4000
Facsimile:  (214) 978-4044

Peter J. Ayers
Texas State Bar No. 24009882
payers@mckoolsmith.com
McKool Smith, P.C.
300 W. 6th St., Ste. 1700
Austin, TX 78701-3941
Telephone:  (512) 692-8700
Facsimile:  (512) 692-8744

**ATTORNEYS FOR PLAINTIFFS,
TRILOGY SOFTWARE, INC. AND
TRILOGY DEVELOPMENT GROUP,
INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has

been served on the following counsel of record via the Court's ECF system on the 30th day of

December, 2005:

Otis W. Carroll
fedserv@icklaw.com
Ireland Carroll & Kelly, P.C.
6101 S. Broadway, Ste. 500 (75703)
P.O. Box 7879
Tyler, TX 75711-7879
Telephone:  (903) 561-1600
Facsimile:  (903) 581-1071

Henry C. Bunsow
bunsowh@howrey.com
K.T. Cherian
cheriank@howrey.com
Scott Wales
waless@howrey.com
Rick Chang
changr@howrey.com
Kfir Levy
levyk@howrey.com
Howrey LLP
525 Market St., Ste. 3600
San Francisco, CA 94105
Telephone:  (415) 848-4900
Facsimile:  (415) 848-4999

S. Calvin Capshaw
ccapshaw@mailbmc.com
Elizabeth L. DeRieux
ederieux@mailbmc.com
Brown McCarroll, L.L.P.
1127 Judson Rd., Ste. 220 (75601-5157)
P.O. Box 3999
Longview, TX  75606-3999
Telephone:  (903) 236-9800
Facsmile:  (903) 236-8787

**ATTORNEYS FOR DEFENDANT,
SELECTICA, INC.**

    /s/ Sam Baxter